FILED

SEP 10 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

MARK ANTHONY ORTEGA,

§

§                    Plaintiff,

vs.

Case No.

**SA25CA1155**

§
§
§

ENSURETY VENTURES, a Missouri
Limited Liability Company,

§
§
§

**COMPLAINT**

Defendant.

§
§

**DEMAND FOR JURY TRIAL**

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Mark Ortega, brings this action to stop the relentless and unlawful telemarketing

calls from Defendant Ensurety Ventures, LLC. This case is particularly egregious as Defendant

was previously sued by Plaintiff for the exact same conduct. Despite resolving that prior litigation,

which put Defendant on direct and unequivocal notice that Plaintiff is on the National Do Not Call

Registry and had explicitly demanded not to be contacted, Defendant has brazenly resumed its

illegal telemarketing campaign against him. This action seeks statutory damages and injunctive

relief to finally put an end to Defendant's willful and knowing violation of Plaintiff's federally

protected privacy rights under the Telephone Consumer Protection Act ("TCPA") and the Texas

Telephone Solicitation Act ("TTSA").

The National Do Not Call Registry allows consumers to register their telephone numbers

and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 §

C.F.R 64.1200 (c)(2). A listing on the Registry "must be honored indefinitely, or until the

registration is cancelled by the consumer or the telephone number is removed by the database

administrator." *Id*. The TCPA and implementing regulations prohibit the initiation of telephone

1

solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R § 64.1200(c)(2).

Plaintiff seeks injunctive and monetary relief for the calls made to him. Plaintiff, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief.

## PARTIES

1.      Plaintiff is an individual residing in this District.

2.      Defendant Ensurety is a Delaware Limited Liability Company that conducts business in this District.

## JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over Defendant because the calls to the Plaintiff were received in this District. The Court also has supplemental jurisdiction because the TTSA claim relates to the same telemarketing campaign as the TCPA.

4.      This Court has personal jurisdiction over the Defendant because the calls to the Plaintiff were made into and received in this District.

5.      The venue is proper under 28 U.S.C § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims were directed to this District, such as, the Defendant made the calls at issue into this District.

## FACTUAL ALLEGATIONS

6.      Defendant sells car warranty services.

7.      Defendant uses telemarketing to promote its services and solicit new clients.

8.      Defendant operates under the name Omega Auto Care.

9.     Plaintiff is an individual who was in Texas at the time of the calls.

10.    Plaintiff's telephone number is (210)-744-9663.

11.    At all times material to this action, Plaintiff uses the cell phone with area code (210) and digits beginning with 744 primarily for residential purposes.

12.    Plaintiff primarily utilizes this number for personal calls, text messaging with family and friends, and managing his personal affairs.

13.    Plaintiff registered his cellular telephone number with the National Do No Call Registry on or about January 23, 2012.

14.    Plaintiff registered his number to avoid receiving unwanted telemarketing and solicitation calls.

15.    Plaintiff never provided Defendant with his express consent to be contacted.

16.    Plaintiff has no existing business relationship with Defendant.

17.    This is not the first time Plaintiff has been forced to sue Defendant for this exact unlawful conduct. On or about February 3, 2025, Plaintiff filed a lawsuit against Defendant in this Court, styled as Mark Ortega v. Ensurety Ventures, LLC, Case No. 5:24-CV-00801-OLG (the "Prior Lawsuit"), alleging violations of the TCPA and TTSA.

18.    On or about June 18, 2025, the Parties entered into a Confidential Settlement Agreement and Mutual General Release (the "Settlement Agreement") to resolve the Prior Lawsuit.

19.    Despite the Prior Lawsuit and the express terms of the Settlement Agreement, Defendant has resumed its illegal telemarketing campaign against Plaintiff.

20.    The following is a non-exhaustive list of the unsolicited calls Plaintiff has received from Defendant and its agents since the matter was resolved:

a. On or about August 13, 2025, at approximately 4:13 PM, Plaintiff received an unsolicited telemarketing call to his cell phone from the spoofed telephone number 210-437-0999. The call was from or on behalf of Defendant to sell him an Omega Auto Care policy.

b. On or about August 27, 2025, at approximately 2:59 PM, Plaintiff received another unsolicited telemarketing call to his cell phone from the spoofed telephone number (210) 438-9909. This call, which occurred after Plaintiff had notified Defendant's counsel of the ongoing violations, is a flagrant example of Defendant's unlawful practices.

21.    Immediately following the August 13th call, Plaintiff both emailed and spoke by phone with Defendant's counsel from the Prior Lawsuit, Jamey Campellone, to inform him that his client was violating the law and the terms of their settlement. Despite this direct, actual notice to its counsel, Defendant's illegal calls continued.

22.    During these calls, Defendant's agents employed a deceptive bait-and-switch tactic. On the August 13th call, the initial caller identified his company as "US Auto Care." When Plaintiff continued to question the identity of the company and its relationship to Omega, the call was abruptly disconnected by the agent. On the August 27th call, the caller similarly identified himself as being from "US Auto Care," a subsequent agent stated they were from "Total Care," and only after being pressed did they confirm the policy being sold was from Omega Auto Care, Defendant's assumed name. This pattern demonstrates a deliberate attempt to conceal the true identity of the seller at the outset of the call.

23.     On these calls, and others, when Plaintiff answered there was a distinct pause and delay before a live representative began speaking, indicating the use of an automatic telephone dialing system.

24.     Defendant's calls after the June 18, 2025, Effective Date of the Settlement Agreement constitute new and distinct violations of the TCPA and TTSA.

25.     Defendant's conduct is particularly egregious and demonstrates a knowing and willful disregard for the law. Defendant was not only on notice from the Prior Lawsuit and the express terms of the Settlement Agreement which identified Plaintiff and his phone number, but it was also given direct, actual notice by Plaintiff to its legal counsel on August 13, 2025. The calls that continued after that date show a blatant disregard for the law and Plaintiff's right to privacy.

26.     The repeated, unauthorized telephonic communications that Plaintiff received from Defendant, as alleged herein, have harmed the Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and occupied and otherwise disturbed the use and enjoyment of his phone.

27.     Seeking redress for these injuries, Plaintiff, Mark Anthony Ortega brings suit under the TCPA and TTSA.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227(c))**

28.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 27 of this Complaint and incorporates them by reference herein.

29.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing calls to the Plaintiff despite his number being on the National Do Not Call Registry.

30.     Defendant's violations were negligent, willful, or knowing.

31.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227(c), Plaintiff is entitled to an award of between $500 and $1,500 in damages for each and every call made.

32.     Plaintiff is also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry in the future.

**COUNT II**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. 227(b))**

33.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 27 of this Complaint and incorporates them by reference herein.

34.     The TCPA's implementing regulation, 47 USC § 227(b), provides that "[i]t shall be unlawful for any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a … cellular telephone service." § 227(b)(1)(A)(iii).

35.     As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and under section 47 U.S.C. § 227(b)(3), are entitled, inter alia, to receive up to $500 in damages per violation.

36.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff.

**COUNT III**
**Telephone Consumer Protection Act**
**(Violation of 47 C.F.R § 64.1200)**

37.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 27 of this Complaint and incorporates them by reference herein.

38.     Under 47 C.F.R § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call or telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

39.      Defendant placed calls to Plaintiff without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls/text messages.

40.      The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C § 227(c)(5).

41.      Defendant have therefore, violated 47 U.S.C § 227(c)(5). As a result of Defendant's conduct, Plaintiff is entitled to up to $1,500 per violation.

## COUNT IV
### Violation of Texas Regulation of Telephone Solicitation
### Tex. Bus. & Com. Code Ann. § 302

42.      Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 27 of this Complaint and incorporates them by reference herein.

43.      Section 302.101(a) of Texas Business and Commerce Code requires sellers that makes a telephone solicitation from a location in Texas or to a purchaser located in Texas to hold "a registration certificate for the business location from which the telephone solicitation is made."

Moreover, the Code requires a "separate registration certificate for each business location from which a telephone solicitation is made." *See id* (b).

44.     In violation of the Code, Defendant made telephonic solicitations to Plaintiff without having a registration certificate for each business location at the time of the calls. As of February 3, 2025, Defendant is still not registered to make telephone solicitations in Texas according to the Texas Secretary of State's website[1].

45.     As a result of Defendant's conduct as alleged herein, and pursuant to § 302.302(a) of Tex. Bus. & Com. Code, Plaintiff was harmed and are is entitled to a maximum of $5,000.00 in damages for each violation.

46.     Under § 302.302(d), Plaintiff is entitled to "recover all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees."

**COUNT V**
**Violation of the Texas Business and Commerce**
**(Tex. Bus. & Com. Code § 305)**

47.     Plaintiff realleges and incorporates by reference the allegations in Paragraphs 1 through 27.

48.     Texas Business and Commerce Code § 305.053(a) explicitly provides a civil cause of action to any person who receives a communication that violates the federal Telephone Consumer Protection Act, 47 U.S.C. § 227. As previously alleged, Plaintiff's telephone number has been

---

1.     https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp (last visited Sept. 8, 2025)

registered on the national "do-not-call" registry since 2012, and it is therefore included on the Texas no-call list protected by this statute.

49.    As alleged in detail in Count I, II, and III, Defendant violated 47 U.S.C. §227(c) and 47 U.S.C. §227(b).

50.    Because Defendant's conduct violated 47 U.S.C. § 227, Plaintiff is entitled to bring this separate cause of action for those same violations under Texas state law.

51.    Pursuant to Tex. Bus. & Com. Code § 305.053(b), Plaintiff is entitled to recover the greater of his actual damages or $500 for each and every violation.

52.    Furthermore, because Defendant's violations were committed knowingly or intentionally, Plaintiff is entitled to an award of treble damages up to $1,500 for each violation, as permitted by Tex. Bus. & Com. Code § 305.053(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

 a) An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to Plaintiff, absent an emergency circumstance;

 b) An award to Plaintiff of damages, as allowed by law;

 c) All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to Tex. Bus. & Com. Code §302.302(a); and

 d) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

DATED this 9th day of September 2025          Respectfully Submitted,

Mark Anthony Ortega
Plaintiff
P.O. Box 702099,
San Antonio, TX 78270
(210) 744-9663
mortega@utexas.edu