UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK ANTHONY ORTEGA, <br> *Plaintiff* <br><br> v. <br><br> ENSURETY VENTURES, A MISSOURI LIMITED LIABILITY COMPANY; <br> *Defendant* | Case No. SA-25-CA-01155-XR |

## ORDER

On this date, the Court considered Defendant Ensurety Ventures's Motion for Extension of Time to Respond to the Complaint. ECF No. 7. After careful consideration, the Motion is **GRANTED.**

### BACKGROUND

In this case, Plaintiff Mark Anthony Ortega alleges that his telephone number is on the National Do-Not-Call registry and that he has nonetheless received telemarking calls made on behalf of Defendant Ensurety Ventures. He sues under the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227(b)–(c), and Texas state law, Tex. Bus. & Com. Code §§ 302.101, 302.302(a), 305.053.

Ortega filed this suit on September 10, 2025. ECF No. 1. On September 19, 2025, Ortega emailed Ensurety's counsel, requesting that Ensurety waive service. ECF No. 8-1. On September 25, 2025, Ensurety executed a Waiver of the Service of Summons. ECF No. 6.

On November 24, 2025, Ensurety moved for an extension of time to respond to the Complaint. ECF No. 7. In the motion, it explained that it is undergoing an internal investigation of the allegations underlying this suit and would be able to more fully and accurately respond to

the Complaint if given time to complete that investigation. *Id.* Ensurety asked the Court to extend the deadline until December 11, 2025.

Ortega responded to the Motion on November 25, 2025, arguing that (1) the deadline to Answer had already passed and Ensurety had not shown excusable neglect, FED. R. CIV. P. 6(b)(1)(B); (2) Ensurety had not adequately conferred with Ortega, as required by Local Rule C-7(G); and (3) granting the extension would prejudice Ortega.

## DISCUSSION

A party who timely waived service generally must serve an answer "within 60 days after the request for a waiver was sent." FED R. CIV. P. 12(a)(1)(A)(ii). Here, Ortega sent the request for waiver on September 19, 2025, so Ensurety's deadline to answer was November 18, 2025. Ensurety did not file its Motion for an Extension until November 24, 2025, after the deadline had passed.

A district court may extend a deadline after it has passed if the moving party "failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). "In federal civil procedure, 'excusable neglect' is a term of art. It encompasses 'inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control.'" *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 26–27 (1st Cir. 2013) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).

> In assessing whether a party failed to act because of excusable neglect, a district court weighs the following factors: the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*U.S. Bank Tr. Nat'l Ass'n as Tr. of Tiki Series IV Tr. v. Walden*, 124 F.4th 314, 321 (5th Cir. 2024) (cleaned up) (quoting *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995)).

These factors weigh in favor of granting the extension. Ortega says he will be subject to prejudice arising from a delay in discovering the identity of a third party who was involved in making the phone calls underlying this suit. He says such a delay might result in spoliation of evidence. "[M]ere delay does not alone constitute prejudice." *Gonzalez v. Carmona*, No. 25-50178, 2025 WL 3043385, at *1 (5th Cir. Oct. 31, 2025). And Ortega has provided no reason to think the requested delay will result in spoliation.

Further, the length of the requested delay is only about three weeks, from November 18 to December 11, 2025. And the potential impact of the delay on judicial proceedings is minimal, especially because this case is at a very early stage and does not currently have any court settings.

As to the reason for delay, Ensurety seems to have erroneously thought the deadline started running when it executed its waiver of service, as opposed to when Ortega sent the request for a waiver. The reason for the delay was thus likely "inadvertence, mistake, or carelessness," which, as noted above, is encompassed in excusable neglect. *Rivera-Almodovar*, 730 F.3d at 26 (quoting *Pioneer Inv. Servs.*, 507 U.S. at 388). There is also no reason to think Ensurety acted in bad faith.

Finally, Ortega argues that Ensurety failed to adequately confer with him, because it filed its Motion the same day it emailed Ortega about said Motion. But Local Rule CV-7(G) provides that "[t]he court *may* refuse to hear or *may* deny a nondispositive motion" absent good-faith conferral. (Emphasis added). It does not *require* the Court to refuse to hear or to deny a motion when the parties failed to confer. Because Ortega has made his position on this Motion clear by filing a substantive response in opposition, the Court sees no reason to require conferral.

## CONCLUSION

For the foregoing reasons, the Motion for Extension of Time to Respond to the Complaint (ECF No. 7) is **GRANTED.** Defendant's deadline to file an answer or otherwise respond to the Complaint is hereby extended to **December 11, 2025.**

It is so **ORDERED**.

**SIGNED** this 25th day of November, 2025.

                                            XAVIER RODRIGUEZ
                                            UNITED STATES DISTRICT JUDGE